UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIRK HENDEN,

    Plaintiff,

v.

    CASE No. 2:22-CV-95

    HON. ROBERT J. JONKER

L. MILLER, et al.,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 67) and Plaintiff's Objection to it. (ECF No. 68). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting Defendant NP Lewis's motion for summary judgment and dismissing Plaintiff's Complaint against her without prejudice for failure to exhaust his administrative remedies. Alternatively, the Magistrate Judge recommends granting the motion and dismissing Defendant Lewis on the basis that no genuine issue of fact exists and Plaintiff's Eighth Amendment claim fails on the merits.

Plaintiff's objection does not meaningfully respond to the Magistrate Judge's reasoning on the law of exhaustion, nor does it raise any specific objection to the Report and Recommendation. An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentions," is insufficient to permit review of the magistrate judge's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, a "general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id.* Plaintiff's objection clearly fails to meet this standard.

To the extent that the Court needs to reach Plaintiff's general objection that the Magistrate Judge reached the incorrect conclusion in the Report and Recommendation, the Court disagrees with Plaintiff. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis. The Court concludes that Defendant's motion for summary judgment must be granted, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 67) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Lewis's Motion for Summary Judgment (ECF No. 61) is **GRANTED.**

A separate Judgment shall issue.

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Dated:   August 19, 2024            /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE